UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

      Plaintiff,

v.

Sergio Arturo Marin Gamino,

      Defendant.

File No. 23-cr-186(4) (ECT/JFD)

**OPINION AND ORDER**

---

Nathan H. Nelson, U.S. Attorney's Office, Minneapolis, MN, for Plaintiff United States.

Frederick J. Goetz, Goetz & Eckland PA, Minneapolis, MN, for Defendant Sergio Arturo Marin Gamino.

---

Magistrate Judge Tony N. Leung ordered the pretrial release of Defendant Sergio Arturo Marin Gamino, with conditions. ECF No. 311. The Government moves to revoke Judge Leung's release order, and Mr. Gamino opposes the Government's motion. ECF Nos. 315, 317. The release order will be reviewed de novo. *See United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985) (en banc). The motion will be granted, and Mr. Gamino will be detained pending trial.

I

On May 10, 2023, Mr. Gamino was charged with one count of Conspiracy to Distribute Methamphetamine in violation 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 14 at 1–2. On August 28, 2024, Mr. Gamino appeared for an arraignment and a detention hearing before Magistrate Judge Tony N. Leung. ECF Nos. 309–310. Judge Leung,

adopting in part the recommendation of Pretrial Services [ECF No. 308], ordered that Mr. Gamino be released, subject to several conditions, including surrender of passport, GPS monitoring, and home incarceration (*i.e.*, 24-hour-a-day lockdown) in a halfway house. ECF No. 311.  Mr. Gamino was to remain in custody until a bed became available at a halfway house.  *Id.*

Two days later, the Government appealed Judge Leung's Order, requesting an evidentiary hearing on the issue of detention.  ECF No. 315.  Mr. Gamino responded to the Government's Appeal of Release Order on September 4, and a hearing was scheduled for September 6.  ECF Nos. 316–17.

At the hearing, the Government acknowledged it would not have sought detention but for evidence of a new, unindicted offense.  The Government presented photographs and witness testimony probative of Mr. Gamino's involvement in the sale of sixty pounds of methamphetamine and his access to an additional forty pounds.  These amounts far exceed the quantities connected to Mr. Gamino in this case.  *See* ECF No. 14 at 2.

The Government argued that this evidence of unindicted drug trafficking can and should be considered in the detention analysis because it is relevant to Mr. Gamino's "past conduct" and to "the nature and seriousness of the danger to any person or the community that would be posed by [Mr. Gamino's] release."  18 U.S.C. § 3142(g)(3)(A), (4).  Mr. Gamino argued that evidence concerning an unindicted offense cannot—or at least should not—be considered on review of a release order, and that the statutory considerations favor release, as both Pretrial Services and Judge Leung determined.

II

Under 18 U.S.C. § 3145(a)(1), the Government may file "a motion for revocation of the [release] order or amendment of the conditions of release."  The district judge's review of a release order is de novo.  *Maull*, 773 F.2d at 1481–82.

A court may order a defendant detained pending trial only if the court finds that no release condition or set of conditions will "reasonably assure": (1) the defendant's appearance in court and (2) the safety of the community.  *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (first quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc), then citing 18 U.S.C. § 3142(c), (e), and (f)).  Different evidentiary standards apply to these findings.  The Government need only show by a preponderance of the evidence that no conditions will reasonably ensure the defendant's appearance at future proceedings, but it must show by clear and convincing evidence that no conditions will reasonably assure the community's safety.  *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).  The governing statute provides a list of factors to consider when deciding whether the Government has met these burdens:

> (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual.

*Id.* (citing 18 U.S.C. § 3142(g)).

Relevant here, "it shall be presumed that no condition or combination of conditions will reasonably assure" the defendant's appearance and the safety of the community if the

Court finds "probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."  18 U.S.C. § 3142(e)(3), (3)(A).  The presumption is rebuttable by the defendant.  18 U.S.C. § 3142(e)(3).  In a presumption case, the defendant "bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).  "But a defendant who meets his burden of production does not entirely dispel the presumption; the presumption 'remains a factor to be considered among those weighed by the district court.'"  *United States v. Lazzaro*, 21-cr-0173(1) (PJS/DTS), 2021 WL 5083978, at *1 (D. Minn. Nov. 2, 2021) (quoting *Abad*, 350 F.3d at 797).  There is no dispute the presumption applies here.

III

Assuming Mr. Gamino rebutted this presumption, the better answer is that Mr. Gamino should be detained in view of the § 3142(g) factors, the parties' briefing, and the record evidence.  The Government has shown by clear and convincing evidence that no conditions will reasonably assure the community's safety if Mr. Gamino is released, and the Government has shown by a preponderance of the evidence that no conditions will reasonably ensure Mr. Gamino's appearance at future proceedings.  *See Abad*, 350 F.3d at 797.

As a threshold issue, evidence regarding Mr. Gamino's unindicted drug trafficking will be considered.  The statute sets wide boundaries for "available information" to review.

4

18 U.S.C. § 3142(g).  It is true, as Mr. Gamino argues, that § 3142(g)(1) restricts a district court to considering "the nature and circumstances of the offense *charged*."  *Id.* § 3142(g)(1) (emphasis added).  Textually, there is no serious question an uncharged offense may not be considered under this provision.  Section 3142(g)(2) requires a district court to consider "the weight of the evidence *against* the person." (emphasis added).  The word "against" implies commencement of an adversarial proceeding.  But the statute calls for a more expansive inquiry in § 3142(g)(3) and (4).  Under these subsections, a district court must consider "the person's character, . . . past conduct, . . . and the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  *Id.* § 3142(g), (3)(a), (4).  "Character," "past conduct," and "seriousness of danger" invite consideration of evidence not limited by the indictment.

(1) *The nature and circumstances of the crime charged*.  Mr. Gamino has been charged with one count of conspiracy to distribute methamphetamine.  ECF No. 14 at 1–2.  Under the conspiracy provision of the Controlled Substances Act, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."  21 U.S.C. § 846.  The conduct of alleged co-conspirators involved 500 grams of a mixture with a detectable amount methamphetamine, and under the penalty provision of the Act, violators are subject to imprisonment for mandatory minimum sentence of 10 years.  *Id.* § 841(b)(1)(A)(viii) (penalizing distribution of 50 grams of methamphetamine and 500 grams of a mixture with a detectable amount of methamphetamine).  The indictment charges Mr. Gamino with a serious crime, whose

nature and circumstances weigh against Mr. Gamino's pretrial release.  *See United States v. Dean*, No. 15-cv-0339 (PJS/LIB), 2016 WL 96142, at *2 (D. Minn. Jan. 8, 2016) (finding that distributing 50 grams of methamphetamine was "a serious drug-trafficking crime").

(2) *The weight of the evidence against the defendant*.  The weight of the evidence against Mr. Gamino in this case received comparatively less attention at the hearing.  The Government proffered that Mr. Gamino delivered methamphetamine as part of the conspiracy.  Mr. Gamino did not contest the proffer.  Regardless, given the hearing's focus on the evidence against Mr. Gamino with respect to his unindicted drug-trafficking activities, this factor bears little weight in the detention analysis.

(3) *The history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct*.  Here the past-conduct evidence of the unindicted offense deserves careful consideration.  At the hearing, the Government introduced the testimony of a DEA agent regarding the agency's investigation and findings and photographic evidence.  To summarize, the Government claims that in June and August of 2024, Mr. Gamino twice sold methamphetamine to an undercover officer, the first sale for one pound and the second for sixty pounds.  The Government learned through an informant that a source of supply based on Mexico provided Mr. Gamino with one hundred pounds of methamphetamine.  It seems, in other words, that some forty pounds of methamphetamine remain undiscovered, and law enforcement does not know where this quantity is located.  After the second sale, the Government obtained a warrant to search Mr. Gamino's residence and recovered a tote bag containing eight pounds of

6

methamphetamine.  It is not clear whether some of the forty pounds was accounted for by the eight pounds recovered from Mr. Gamino's residence.

This past-conduct evidence clearly shows that no release conditions will reasonably assure the community's safety.  The quantity of methamphetamine involved endangers the community, especially considering evidence tending to show that a substantial quantity remains unaccounted for.  If Mr. Gamino were released, even on conditions, it would be feasible for him to access and relocate or coordinate distribution or resale of this quantity, certainly through a third party.

The evidence of Mr. Gamino's flight risk is also strong.  The better take on the evidence is that Mr. Gamino holds no employment in Minnesota.  Though Mr. Gamino asserted he works as a cleaner and previously worked in the automotive industry, no documentary evidence was submitted to support these assertions.  And the Government's witness testified that, over the few days Mr. Gamino was under physical surveillance and over the month his phones were tracked, he rarely left his house, suggesting Mr. Gamino had no steady employment.  Mr. Gamino is a citizen of Mexico.  He is not a United States citizen, and there is some indication he is not lawfully present in the United States.  *See* ECF No. 308 at 3.  Accepting that Mr. Gamino has been living in the Minneapolis area for over twenty years and has not returned to Mexico during that time, his connection to a Mexico-based source of supply and his citizenship status give Mr. Gamino opportunity and incentive to flee.  It does not help Mr. Gamino that he was arrested in December 2022 for driving under the influence but failed to appear for a January 2023 hearing in Hennepin County District Court.  *See id.*  The quantities involved dwarf the amount set in the

Controlled Substances Act for a ten-year mandatory minimum sentence, 21 U.S.C. § 841(b)(1)(A)(viii), and would almost certainly trigger a Guidelines range far greater than 120 months, adding to Mr. Gamino's incentive to flee.

(4) *The seriousness of the danger to the community or to an individual.*  The past sales, the drugs recovered in his home, and the informant's statements all support the finding that, unless detained, Mr. Gamino would have access to substantial, unrecovered quantities of methamphetamine, which would endanger the community.

*

Assuming Mr. Gamino has produced enough evidence to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance or the community's safety, the presumption "remains a factor to be considered among those weighed by the district court." *Lazzaro*, 2021 WL 5083978, at *1 (citation omitted).  When considering the presumption alongside the evidence discussed above, I find the Government has met its burden of showing by clear and convincing evidence that that no conditions will reasonably assure the community's safety and by a preponderance of the evidence that no conditions will reasonably ensure Mr. Gamino's appearance at future proceedings.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS**

**ORDERED THAT**:

1.      Plaintiff United States' Appeal of Release Order [ECF No. 315] is

**GRANTED**.

2.      The Order Setting Conditions of Release [ECF No. 311] is **REVOKED**.

3.      Defendant Sergio Arturo Marin Gamino shall be **DETAINED** pending trial

pursuant to 18 U.S.C. § 3142(e).


Dated: September 9, 2024                          s/ Eric C. Tostrud
                                                   Eric C. Tostrud
                                                   United States District Court